IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**KEVIN WAYNE BROWN,**

                **Plaintiff,**

      **v.**                                        **CASE NO. 07-3114-SAC**

**FRANK DENNING, et al.,**

                **Defendants.**


**O R D E R**

This matter is before the court on a complaint filed under 42 U.S.C. § 1983 while plaintiff was confined n the Johnson County Adult Detention Center in Olathe, Kansas. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligations,[1] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without

---

[1] See <u>Brown v. Dorneker, et al.</u>, Case No. 06-3245-CM (remainder of $350.00 district court filing fee); <u>Brown v. Booker</u>, Case No. 07-3103-SAC ($350.00 district court filing fee).

payment of an initial partial filing fee. Once these prior fee obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).[2]

In this action, plaintiff claims he was unlawfully locked down in maximum custody for refusing to give his name as ordered by a deputy sheriff. Plaintiff contends he did not deserve this treatment because he was protecting his personal safety. He alleges the officer was rude and unprofessional, and the officer refused to provide plaintiff with a grievance form as plaintiff requested. Plaintiff further claims he was subjected to racial discrimination because white prisoners are not locked down as frequently. On these allegations plaintiff seeks damages from the officer ("Cecil"), as well as the Johnson County Sheriff and various supervisory jail staff.

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992). A plaintiff

---

[2] Plaintiff's motion for a court order regarding his payment of the district court filing fee is denied as moot.

must also provide facts to establish each defendant's personal participation in the alleged deprivation of plaintiff's constitutional rights. Jenkins v. Wood, 81 F.3d 988, 994-95 (10th Cir. 1996). Although a pro se litigant's pleadings are to be liberally construed, plaintiff retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Having reviewed plaintiff's allegations, the court finds the complaint is subject to being summarily dismissed for the following reasons.

Plaintiff's allegations of being temporarily locked down for refusing an order states no claim for relief under the Due Process Clause. A prisoner has no inherent constitutional right in not being placed in segregation. Sandin v. Conner, 515 U.S. 472, 487 (1995). Segregation of a prisoner as a form of punishment or as administrative management of a correctional facility is not an unexpected incident of a criminal sentence and does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. at 485.

Plaintiff's allegations of rude and unprofessional staff conduct by Officer "Cecil" are insufficient to state any claim of constitutional significance. The Eighth Amendment, applicable to the states through the Fourteenth Amendment, prohibits the

3

infliction of cruel and unusual punishment on prisoners, Wilson v. Seiter, 501 U.S. 294, 296-97 (1991), but plaintiff alleges no deliberate indifference by any defendant to a substantial risk of serious harm to plaintiff's health or safety, and no denial of basic life necessities.  See Helling v. McKinney, 509 U.S. 25 (1993)(stating Eighth Amendment standard).  To the extent plaintiff contends Officer "Cecil" was negligent and unprofessional, no constitutional claim is stated.  Absent sufficient factual allegations that the intentional or reckless conduct of a state official caused a plaintiff injury, allegations of negligence are not cognizable under § 1983.  See Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990)(more than mere negligence required for constitutional deprivation in civil rights action).

As for the remaining defendants, plaintiff may not rest on the doctrine of respondeat superior.  Rizzo v. Goode, 423 U.S. 362 (1976).  See e.g., Kite v. Kelley, 546 F.2d 334, 337 (10th Cir. 1976)(before a superior may be held liable for the acts of an inferior, superior must have participated or acquiesced in the constitutional deprivation).  The court finds these defendants are subject to being summarily dismissed because plaintiff alleges no personal participation by any of them in any deprivation of plaintiff's constitutional rights, and because plaintiff's bare claim of a conspiracy is conclusory.

 For these reasons, the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for

relief.³  *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").⁴ The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is granted, with payment of the full $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2) after plaintiff's prior fee obligations have been fully satisfied.

IT IS FURTHER ORDERED that plaintiff's motion for a court order (Doc. 3) is denied as moot.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days from the date of this order to show cause why the complaint

---

³Plaintiff recently notified the court that he was unable to make copies of pleadings for service to the defendants, and asked for the court's assistance. This request is premature because no defendant has yet been served with summons in this case. The court will not order the preparation and service of process upon any defendant until the screening required by 28 U.S.C. § 1915A is completed.

⁴Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

5

should not be dismissed as stating no claim for relief.

The clerk's office is to provide a copy of this order to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 24th day of January 2008 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge