```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**KEVIN WAYNE BROWN,**

                      **Plaintiff,**

        **v.**                                **CASE NO. 07-3114-SAC**

**FRANK DENNING, et al.,**

                      **Defendants.**

### O R D E R

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983 while plaintiff was confined n the Johnson County Adult Detention Center in Olathe, Kansas.

Plaintiff seeks damages from Officer "Cecil," and from the Johnson County Sheriff and various supervisory staff, on allegations that plaintiff was unlawfully locked down in maximum custody for refusing to give his name as ordered by Officer Cecil. Plaintiff contends he did not deserve this treatment because he was only protecting his personal safety, and claims the incident report contained false statements. Plaintiff alleges Officer Cecil was rude and unprofessional, and refused to provide plaintiff with a grievance form as plaintiff requested. Plaintiff also broadly claims he was subjected to racial discrimination because white prisoners are not locked down as frequently.

By an order dated January 24, 2008, the court directed plaintiff to show cause why the complaint should not be dismissed as

stating no claim for relief.  *See* 28 U.S.C. § 1915A(a) and (b)(court to screen civil complaint filed by a prisoner to identify cognizable claims and to dismiss the complaint or any portion thereof that is... frivolous, malicious or fails to state a claim); 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  Specifically, the court found plaintiff's allegations of being temporarily locked down for refusing an order stated no claim for relief under the Due Process Clause, his allegations of rude and unprofessional staff conduct by Officer Cecil were insufficient to state any claim of constitutional significance, and his allegations against the remaining defendants improperly sought to impose liability pursuant to the doctrine of respondeat superior.

In response,[1] plaintiff in part argues for the first time that the incident report, denial of grievance forms, taunting behavior, and unequal treatment state a claim for relief because they were in retaliation for his filing of administrative grievances and complaints against Johnson county officials.  This new allegation is insufficient to warrant a response on it or any of the grounds plaintiff claimed in his complaint.

It is well recognized that "prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his

---

[1] Plaintiff filed a pleading titled as a "Motion Not to Dismiss Claim" which the court treats as plaintiff's response to the show cause order.

constitutional rights. However, an inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Fogle v. Pierson, 435 F.3d 1252, 1263-64 (10th Cir. 2006)(quotation omitted), *cert. denied*, 127 S.Ct. 675 (2006). In the present case, however, plaintiffs bare allegation of retaliation fails because he provides no specific facts or evidence that plausibly demonstrate any retaliatory motive was the 'but for' cause of any defendant's alleged misconduct.[2] *See* Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998)(retaliation claim requires violation of a specific constitutional right, and a showing the alleged misconduct would not have occurred "but for" an impermissible retaliatory motive); Frazier v. Dubois, 922 F.2d 560, 562 n. 1 (10th Cir. 1990) (successful retaliation claim requires allegations of "*specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights")(emphasis added).

Accordingly, for the reasons stated herein and in the order entered on January 24, 2008, the court concludes the complaint should be dismissed as presenting no cognizable constitutional claim for the purpose of stating a claim for relief under 42 U.S.C. § 1983.

---

[2] Plaintiff asserts jail staff continuously complained about plaintiff's prolific use of the grievance procedure, and threatened to farm him out to another facility if he did not stop. Administrative documentation provided by plaintiff establishes that plaintiff was not farmed out as threatened.

Plaintiff further asserts the disciplinary action initiated by Officer Cecil was based on false statements in retaliation for plaintiff's filing of grievances. However, the disciplinary hearing officer found the video of the incident supported the officer's charge, and determined plaintiff was guilty of the charged offenses.

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 13th day of August 2008 at Topeka, Kansas.


　　　　　　　　　　　　　　　　 s/ Sam A. Crow
　　　　　　　　　　　　　　　　SAM A. CROW
　　　　　　　　　　　　　　　　U.S. Senior District Judge